OPINION
{¶ 1} On July 11, 1981, appellant, Theresa Bunch, and appellee, William Bunch, were married. Two children were born as issue of said marriage, namely, Kimberly Bunch, now emancipated, and Ashley Bunch, born August 21, 1987. On November 9, 2001, appellant filed for divorce.
 {¶ 2} Numerous hearings were held. By judgment entry filed March 24, 2003, the trial court granted the parties a divorce and divided the parties' property and debt. Pertinent to this appeal is the award of a 1995 Dodge truck to appellant. The trial court also ordered appellee to pay child support in the amount of $644.49 per month.
 {¶ 3} On April 7, 2003, appellant filed a motion for new trial and addressed several issues, including the lack of an order regarding child support arrearage and a clarification on the issue of marital debt. By judgment entry filed April 23, 2003, the trial court denied the motion, but awarded appellee the 1995 Dodge truck.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "The Trial Court Erred By Not Ordering Payment By The Appellee Of An Undisputed Child Support Arrearage."
 II {¶ 6} "The Trial Court Erred By Switching The Award Of Appellant's Truck From Appellant To Appellee Without Motion Or Hearing After The Divorce Trial, And After The Judgment Entry Had Awarded The Vehicle To The Appellant."
 III {¶ 7} "The Trial Court Erred By Ordering That All The Joint Debt Be Paid By The Appellant, When The Evidence Did Not Demonstrate That Any Of The Debt Was For Other Than Marital Or Familial Necessities So As To Justify A Disproportionate Distribution Of The Debt."
 I {¶ 8} Appellant claims the trial court erred in not ordering payment of the undisputed child support arrearage. We disagree.
 {¶ 9} The granting of a new trial lies in the sound discretion of the trial court. Civ.R. 59. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 10} In her motion for new trial, appellant specifically addressed the trial court's failure to issue an order regarding the child support arrearage. This issue was argued to the trial court during the hearing for new trial. The arrearage not addressed in the judgment entry of divorce totaled $450.00. The trial court determined this amount was not "significant enough in the overall thing." T. at 213. To balance this amount, the trial court let appellant keep lawn equipment. T. at 214.
 {¶ 11} The procedure in addressing a motion for new trial when it involves a matter tried to the court is discretionary:
 {¶ 12} "On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and enter a new judgment." Civ.R. 59(A).
 {¶ 13} Essentially, on this issue, the trial court found it was in his mind addressed and dismissed as not that great in the scheme of things. The trial court balanced the $450.00 arrearage with an award of the lawn equipment. We find no abuse of discretion in so handling the issue of arrearage.
 {¶ 14} Assignment of Error I is denied.
 II {¶ 15} Appellant claims the trial court erred in modifying the division of marital property regarding the 1995 Dodge truck.
 {¶ 16} As noted in the trial court's March 24, 2003 judgment entry, the trial court found appellant had a 1995 Dodge truck, and awarded same to her. See, Finding of Fact No. 9 and Conclusion of Law No. 4.
 {¶ 17} After the hearing on the motion for new trial, the trial court sua sponte awarded the 1995 Dodge truck to appellee and appellee was to pay the loan on the truck. In appellee's response to the motion for new trial, he stated "[t]here is a typographical error as to the two (2) automobiles. The car ownerships are reversed." This statement is born out of appellant's financial statement signed June 13, 2003. At the time of trial, the vehicle had been repossessed because of credit card problems, and was no longer a marital asset. It is clear from the testimony the repossession of the vehicle was a direct result of appellant's financial mismanagement. T. at 114-116, 119, 121-124.
 {¶ 18} Pursuant to Civ.R. 60(A), a trial court on its own motion may correct errors "arising from oversight or omission" at any time. Neither party argued the issue at the motion hearing, and appellee was the only one that addressed it via his response to the motion for new trial.
 {¶ 19} We find the correction sub judice corresponds to the evidence presented. The trial court did not err in amending its own judgment entry.
 {¶ 20} Assignment of Error II is denied.
 III {¶ 21} Appellant claims the trial court erred in assigning the remaining marital debt to her. We disagree.
 {¶ 22} Appellee had filed for bankruptcy. As a result, appellee's obligations for the debts had been extinguished. The trial court acknowledged this and told appellant she could have availed herself of the same protection, but chose not to do so.
 {¶ 23} The trial court was bound by the discharge of appellee's debts by the United States Bankruptcy Court. We find no error in the trial court's decision.
 {¶ 24} Assignment of Error III is denied.
 {¶ 25} The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is hereby affirmed.