[Cite as *Lindenmayer v. Lindenmayer*, 197 Ohio App.3d 580, 2011-Ohio-5511.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


LINDENMAYER,

      Appellee,

v.

LINDENMAYER,

      Appellant.

JUDGES:
Hon. Sheila G. Farmer, P.J.
Hon. John W. Wise, J.
Hon. Julie A. Edwards, J.

Case No. 11 CA 43


O P I N I O N



| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 2008 DR 1286 |
| JUDGMENT: | Affirmed in Part; Reversed in Part and Remanded |
| DATE OF JUDGMENT ENTRY: | October 27, 2011 |

APPEARANCES:

Cindy Ripko
for appellee.

George W. Leach
for appellant.

WISE, Judge.

{¶ 1}  Defendant-appellant, Stephanie Lindenmayer, appeals from her divorce in the Court of Common Pleas, Licking County. Plaintiff-appellee, Vernon Lindenmayer, is appellant's former spouse. The relevant facts leading to this appeal are as follows.

{¶ 2}  Appellant and appellee were married in April 1997. Two children were born of the marriage.

{¶ 3}  In August 2008, in separate cases in Licking County Juvenile Court (Nos. C2008-0639 and C2008-0640), Licking County Children Services ("LCCS") filed for emergency shelter care of the parties' two children, which was thereupon granted by that court. On October 27, 2010, the juvenile court granted legal custody of both children to appellee and terminated the agency's involvement.

{¶ 4}  In the meantime, in the case sub judice, on September 17, 2008, appellee filed for divorce in the Licking County Court of Common Pleas, Domestic Relations Division. The matter proceeded to a full evidentiary hearing on May 24, 2010. Appellant argued her case pro se at that time. The trial court took the matter under advisement.

{¶ 5}  On July 8, 2010, before the divorce decree was issued, appellant filed for bankruptcy in federal court. Appellee did not join in the bankruptcy petition. A stay was

thereupon placed against the divorce proceedings. On December 2, 2010, shortly after the bankruptcy was discharged, the divorce case was reactivated.

{¶ 6} The trial court then set the matter for a status hearing on January 11, 2011. After a brief hearing, at which appellant appeared with counsel, the trial court issued an entry permitting both sides to submit proposed judgment entries/decrees.

{¶ 7} On March 8, 2011, the trial court issued a final decree of divorce. The court, inter alia, divided marital property and debt, ordered no spousal support for either party, and ordered that jurisdiction over the children would remain with the juvenile court.

{¶ 8} Appellant filed a notice of appeal on April 8, 2011, and herein raises the following ten assignments of error:

{¶ 9} "I. The trial court abused its discretion in not granting defendant-appellant spousal support.

{¶ 10} "II. The trial court abused its discretion in the allocation of marital assets and liabilities.

{¶ 11} "III. The trial court abused its discretion and is in violation of federal law when it ruled defendant-appellant was responsible to pay additional debts after her debts were discharged in bankruptcy.

{¶ 12} "IV. The trial court abused its discretion when the court declined to assume jurisdiction over matters involving residential parent status, child support, health insurance, and tax exemption and did not have a hearing to determine defendant-appellant's fitness as a parent.

{¶ 13} "V. The trial court abused its discretion when it did not have an oral hearing after the trial but before the final decision.

{¶ 14} "VI. Ineffective assistance of counsel occurred when defense counsel refused to file a motion to consolidate jurisdiction of the parties' juvenile court case and the domestic court case.

{¶ 15} "VII. Ineffective assistance of counsel occurred when defense counsel turned in a proposed judgment entry to the court which suggested that plaintiff should retain his entire 401k retirement account after defendant specifically informed counsel that she wished to ask the court for half of plaintiff's retirement.

{¶ 16} "VIII. Ineffective assistance of counsel occurred when defense counsel did not offer evidence nor did he insist on an oral hearing before the judge.

{¶ 17} "IX. Ineffective assistance of counsel occurred when defense counsel did not request a continuance of the oral hearing set before the judge on January 12, 2011.

{¶ 18} "X. Ineffective assistance of counsel occurred when defense counsel refused to request that the subject case be transferred to Franklin County."

{¶ 19} As an initial matter, because a court is generally required to provide for a division of marital property prior to making a spousal-support award (see, e.g., *Rinaldi v. Rinaldi*, Stark App.No. 2009CA00200, 2010-Ohio-3127, ¶ 54; R.C. 3105.171(C)(3)), we are inclined to address appellant's second assignment of error out of sequence.

I

{¶ 20} In her second assignment of error, appellant contends that the trial court abused its discretion in dividing the parties' marital property. We disagree.

{¶ 21} An appellate court generally reviews the overall appropriateness of the trial court's property division in divorce proceedings under an abuse-of-discretion

standard. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 421 N.E.2d 1293. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. Furthermore, as an appellate court, we are not the trier of fact. Our role is to determine whether there is relevant, competent, and credible evidence upon which the fact-finder could base his or her judgment. *Tennant v. Martin–Auer,* 188 Ohio App.3d 768, 2010-Ohio-3489, 936 N.E.2d 1013, ¶ 16, citing *Cross Truck Equip. Co. v. Joseph A. Jeffries Co.* (Feb. 10, 1982), Stark App. No. CA–5758, 1982 WL 2911. It is well established that the trier of fact is in a far better position to observe the witnesses' demeanor and weigh their credibility. See, e.g., *Taralla v. Taralla,* Tuscarawas App.No. 2005 AP 02 0018, 2005-Ohio-6767, ¶ 31, citing *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212.

**{¶ 22}** R.C. 3105.171(C)(1) states: "Except as provided in this division or division (E)(1) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section."

**{¶ 23}** In the case sub judice, appellee was conditionally awarded the marital real estate in Hebron, Ohio, which was "underwater" and in foreclosure, with a mortgage balance of $268,771 and an appraisal value of $150,000. Appellee was to receive title to the real estate if the foreclosure did not go forward, in which case appellee was ordered to legally remove appellant's name from any related financial obligation within

60 days of the decree. Furthermore, appellee was awarded the 2004 Audi with a value of $20,750 and a loan balance of $28,862.47, for which appellant was to be held harmless. Appellee was further ordered to pay a Visa debt of $3,449 and a cable bill of $277, as well as unspecified debts related to his counseling.

{¶ 24} Appellant was awarded the 2008 Dodge Avenger (value $22,245) and the dune buggy (value $1,000). Appellant was made responsible for any debt on the Dodge and the dune buggy, the amount of which was not specified in the decree. Appellant was also awarded the paddleboat (value $250) and the 1984 Ford truck (value $500), as well as the parties' two horses and a goat.

{¶ 25} Thus, other than appellee's personal items, the import of which appellant does not presently articulate, and the $10,000 retirement fund (401(K)), appellee was awarded only debts and two "underwater" assets. Viewing the award in its entirety, we do not find that the trial court abused its discretion in dividing the parties' marital property. See also *Koegel v. Koegel* (1982), 69 Ohio St.2d 355, 432 N.E.2d 206 (emphasizing that a trial judge should be given wide latitude in dividing property between the parties).

{¶ 26} Appellant's second assignment of error is overruled.

II

{¶ 27} In her first assignment of error, appellant contends that the trial court abused its discretion in refusing to award spousal support to her and, by implication, in declining to retain jurisdiction thereon. We agree.

{¶ 28} A trial court's decision concerning spousal support may be altered only if it constitutes an abuse of discretion. See *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 67,

554 N.E.2d 83. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore,* 5 Ohio St.3d 217.

**{¶ 29}** R.C. 3105.18(C)(1)(a) through (n) provides the factors that a trial court is to review in determining whether spousal support is appropriate and reasonable and in determining the nature, amount, terms of payment, and duration of spousal support:

**{¶ 30}** "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:

**{¶ 31}** "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code; (b) The relative earning abilities of the parties; (c) The ages and the physical, mental, and emotional conditions of the parties; (d) The retirement benefits of the parties; (e) The duration of the marriage; (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home; (g) The standard of living of the parties established during the marriage; (h) The relative extent of education of the parties; (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties; (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party; (k) The time and expense necessary for the spouse who is seeking spousal support to acquire

education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought; (l) The tax consequences, for each party, of an award of spousal support; (m) The lost income production capacity of either party that resulted from that party's marital responsibilities; (n) Any other factor that the court expressly finds to be relevant and equitable."

{¶ 32} Unlike the statute concerning property division, R.C. 3105.18 does not require the lower court to make specific findings of fact regarding spousal-support awards. While R.C. 3105.18(C)(1) does set forth 14 factors that the trial court must consider, if the court does not specifically address each factor in its order, a reviewing court will presume each factor was considered, absent evidence to the contrary. *Carroll v. Carroll,* Delaware App.No. 2004–CAF–05035, 2004-Ohio-6710, ¶ 28, citing *Watkins v. Watkins,* Muskingum App.No. CT 2001–0066, 2002-Ohio-4237.

{¶ 33} R.C. 3105.18(E) mandates that a trial court must specifically reserve jurisdiction in its divorce decree or a separation agreement incorporated into the decree in order to modify a spousal-support award. The decision of whether to retain such jurisdiction is a matter within the domestic relations court's discretion. *Smith v. Smith* (Dec. 31, 1998), Lucas App. No. L–98–1027, citing *Johnson v. Johnson* (1993), 88 Ohio App.3d 329, 331, 623 N.E.2d 1294.

{¶ 34} In the case sub judice, the trial court awarded no spousal support to either party. The trial court further did not retain jurisdiction over the issue of spousal support.

{¶ 35} According to the record, appellee, born in 1972, earns approximately $71,500 per year and also receives $9,000 per year in Social Security benefits on

behalf of the parties' two children. Appellant, born in 1966, worked until 1996 as a registered nurse. She currently receives $16,752 per year in Social Security disability benefits for a mental-health diagnosis. Appellant was a stay-at-home parent after the first child was born until LCCS intervened in 2008. She has no investment or retirement accounts; appellee, as noted, was awarded his 401(k) of $10,000 in the property division. The trial court determined the duration of the marriage to be from April 24, 1997, until September 17, 2008, approximately 11 years. As noted in our redress of appellant's second assigned error, appellee was awarded, inter alia, the house and the Audi, the loan balances exceeded the market value of both assets.

{¶ 36} The purpose of spousal support is "for sustenance and support of the * * * former spouse." *Robbins v. Robbins*, Clark App.No. 06CA0136, 2008-Ohio-495, ¶ 22, citing R.C. 3105.18(A). While we herein indulge in the presumption that the court considered all the statutory spousal support factors, *Carroll,* 2004-Ohio-6710, it is no exaggeration in this instance to conclude that the trial court's decision in this regard has left appellant at a near-poverty level. She has lost her stake in the marital home, has no retirement money, and is left, in her mid-forties, with some personal possessions, a 2008 Dodge automobile, and two other vehicles with minimal value. Although not the result of the trial court's orders, she has also lost custody of her children, gone through a bankruptcy, and faces the task of treating her bipolar condition sufficiently to enable re-entry into the workforce, from which she has been absent for over 15 years. We are cognizant that appellant has not been made responsible for the bulk of the marital debt, has not been ordered to pay child support, and has been, at least according to several witnesses at trial, living with a male friend. However, considering the significant disparity

in the parties' incomes and the limitations on appellant's occupational and economic situation in the foreseeable future, we are persuaded upon review of the record that the court's disallowance of spousal support and refusal to retain jurisdiction thereon was unreasonable and unconscionable under the circumstances, and thus constituted an abuse of discretion.

{¶ 37} Appellant's first assignment of error is therefore sustained.

III

{¶ 38} In her third assignment of error, appellant contends that the trial court abused its discretion and acted in contravention of federal law by ordering her to potentially pay any marital debts subsequent to her bankruptcy discharge. We disagree.

{¶ 39} The section of the divorce decree at issue states as follows:

{¶ 40} "The defendant [appellant] has filed Chapter 7 bankruptcy and it has been discharged. Said discharge included marital and separate debt, therefore the Court cannot make any further determination of same. To the extent that any marital debt has not been discharged said debt shall be equally divided by the parties. Each shall pay and hold the other harmless on the same. The defendant shall also pay and hold the plaintiff harmless on any other individual debt in her name not discharged in bankruptcy."

{¶ 41} Appellant directs us to our decision in *Bunch v. Bunch*, Stark App.No. 2003CA00185, 2003-Ohio-6174, wherein a husband had obtained a bankruptcy discharge, resulting in the trial court's ordering in the divorce that all remaining marital debt was the responsibility of the wife. Upon wife's appeal, we concluded: "The trial court acknowledged [the discharge] and told [wife] she could have availed herself of the

same protection, but chose not to do so. The trial court was bound by the discharge of [husband's] debts by the United States Bankruptcy Court. We find no error in the trial court's decision." Id. at ¶ 22-23.

{¶ 42} In the case sub judice, however, the roles are reversed: appellant obtained the bankruptcy discharge and now argues that appellee is improperly benefitting by his choice not to join in her bankruptcy petition. However, appellee was likely seeking to protect his credit rating by avoiding bankruptcy, and it is not evident that he acted in bad faith in so doing. Moreover, the trial court's language reads as a "catch-all" provision simply meant to cover any marital debt, if any, that was *not* discharged by the bankruptcy action.

{¶ 43} We therefore find appellant's reliance on *Bunch* misplaced, and we find no error or abuse of discretion in the court's redress of marital debt in this regard.

{¶ 44} Appellant's third assignment of error is overruled.

IV

{¶ 45} In her fourth assignment of error, appellant contends that the trial court abused its discretion in deferring jurisdiction over the child-related issues in the divorce to the Licking County Juvenile Court. We disagree.

{¶ 46} R.C. 3109.04 mandates that in a divorce proceeding, the court shall allocate parental rights and responsibilities regarding the minor children of the marriage. However, Ohio law also recognizes the "the bedrock proposition that once a court of competent jurisdiction has begun the task of deciding the long-term fate of a child, all other courts are to refrain from exercising jurisdiction over that matter." *In re Adoption of Pushcar*, 110 Ohio St. 3d 332, 2006-Ohio-4572, ¶ 10, citing *In re Adoption of Asente* (2000), 90 Ohio St.3d 91, 92, 734 N.E.2d 1224. See also R.C. 2151.353(E).

**{¶ 47}** We therefore find no merit in appellant's claim that the trial court erroneously failed to assert jurisdiction over the children under these circumstances. Moreover, even if the juvenile court has since relinquished jurisdiction or does so in the future, appellant has the ability to seek redress in child-related matters from the domestic relations court by a postdecree motion.

**{¶ 48}** Accordingly, appellant's fourth assignment of error is overruled.

V

**{¶ 49}** In her fifth assignment of error, appellant argues that the trial court erred in declining to follow through with its scheduled posttrial hearing on January 12, 2011. We disagree.

**{¶ 50}** We first note that the trial court did hold a brief hearing, sua sponte, on January 12, 2011, albeit without additional formal evidence. However, appellant did not request the opportunity to present further testimony at that time. Furthermore, the delay in the issuance of a divorce decree in this matter was chiefly the result of appellant's decision to pursue bankruptcy after the trial had been heard. Therefore, it was her burden to persuade the court that further proceedings were essential to proper disposition of the divorce, which she declined to do. Under the invited-error doctrine, a party in appellant's position will not be permitted to take advantage of an error that she herself invited or induced. *He v. Zeng,* Licking App. No. 2003CA00056, 2004-Ohio-2434, 2004 WL 1077912, ¶ 13, citing *State v. Bey* (1999), 85 Ohio St.3d 487, 493, 709 N.E.2d 484.

**{¶ 51}** Accordingly, appellant's fifth assignment of error is overruled.

VI

**{¶ 52}** In her sixth, seventh, eighth, ninth, and tenth assignments of error, appellant contends, on various grounds, that she was denied the effective assistance of trial counsel during her divorce.

**{¶ 53}** We have recognized that a claim of ineffective assistance of counsel is not a proper ground on which to reverse the judgment of a lower court in a civil case that does not result in incarceration in its application when the attorney was employed by a civil litigant. *Phillis v. Phillis*, 164 Ohio App.3d 364, 842 N.E.2d 555, 2005-Ohio-6200, ¶ 53, citing *Roth v. Roth* (1989), 65 Ohio App.3d 768, 776, 585 N.E.2d 482. While this court has allowed an exception for "ineffective assistance" claims in civil permanent-custody appeals (see, e.g., *In re Utt Children,* Stark App.No. 2003CA00196, 2003-Ohio-4576), this is not the case in this instance.

**{¶ 54}** Appellant's sixth, seventh, eighth, ninth, and tenth assignments of error are therefore overruled.

**{¶ 55}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio, is hereby affirmed in part and reversed in part, and the cause is remanded for further review of spousal support.

Judgment affirmed in part

and reversed in part,

and cause remanded.

FARMER, P. J., and EDWARDS, J., concur.