[Cite as *Lindenmayer v. Lindenmayer*, 2012-Ohio-3172.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| VERNON LINDENMAYER | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 12-CA-00012 |
| STEPHANIE LINDENMAYER | |
| Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Licking County Court of Common Pleas, Domestic Relations Division Case No. 08 DR 01286 CRB

JUDGMENT:      Affirmed in part; Reversed in part, and Remanded

DATE OF JUDGMENT ENTRY:      July 12, 2012

APPEARANCES:

For Plaintiff-Appellant

CINDY RIPKO
35 S. Park Pl., #201
Newark, Ohio 43055

For Defendant-Appellee

STEPHANIE LINDENMAYER, PRO SE
PO Box 1241
Hebron, Ohio 43025

*Hoffman, P.J.*

{¶1} Plaintiff-appellant Vernon C. Lindenmayer ("Husband") appeals the February 7, 2012 Decree of Divorce (Remand) entered by the Licking County Court of Common Pleas, Domestic Relations Division, which ordered him to pay spousal support in the amount of $500/month to defendant-appellee Stephanie L. Lindenmayer ("Wife"), following this Court's remand.

STATEMENT OF THE FACTS AND CASE

{¶2} Husband and Wife were married in April, 1997. Two children were born of the marriage.

{¶3} In August, 2008, the Licking County Court of Common Pleas, Juvenile Division, granted emergency shelter care custody of the parties' two children to Licking County Children Services ("LCCS") in Licking County Juvenile Court Case Nos. C2008–0639 and C2008–0640. On October 27, 2010, the juvenile court granted legal custody of both children to Husband and terminated LCCS's involvement.

{¶4} While the juvenile matter was proceeding, Husband filed a Complaint for Divorce in the Licking County Court of Common Pleas, Domestic Relations Division, on September 17, 2008. The matter proceeded to a full evidentiary hearing on May 24, 2010, at which Wife argued her case pro se.

{¶5} On July 8, 2010, prior to the trial court's issuing the divorce decree, Wife filed a Petition in Bankruptcy, which resulted in a stay of the divorce proceedings. After the bankruptcy was discharged, the trial court reactivated the instant action. The trial court scheduled a status hearing on January 11, 2011, at which Wife appeared with

counsel. The trial ordered the parties to submit respective proposed judgment entries/decrees.

{¶6} The trial court issued a final decree of divorce on March 8, 2011. The court, inter alia, divided marital property and debt, ordered no spousal support for either party, and ordered that jurisdiction over the children would remain with the juvenile court. Wife filed a timely notice of appeal. This Court remanded the matter to the trial court on the sole issue of spousal support. *Lindenmayer v. Lindenmayer*, 5th App. No. 11CA43, 2011 -Ohio- 5511.

{¶7} Upon remand, the trial court ordered Husband to pay Wife spousal support in the amount of $500/month. The trial court noted, "[s]aid order shall continue as a permanent order or until the death of either party." February 7, 2012 Decree of Divorce (Remand) at 8. The trial court expressly retained jurisdiction over the issue of spousal support in both amount and duration.

{¶8} It is from the February 7, 2012 Decree of Divorce (Remand) Husband appeals, raising the following assignments of error:

{¶9} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING SPOUSAL SUPPORT TO APPELLEE, BOTH AS TO AMOUNT, DURATION, AND CONDITIONS FOR RESERVATION OF JURISDICTION.

{¶10} "II. THE TRIAL COURT'S AWARD OF SPOUSAL SUPPORT, BOTH AS TO AMOUNT, DURATION, AND CONDITIONS FOR RESERVATION OF JURISDICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I, II

**{¶11}** Husband's assignments of error are interrelated and shall be addressed together. In his first assignment of error, Husband maintains the trial court abused its discretion in awarding spousal support and as to the amount, duration, and conditions thereof.  In his second assignment of error, Husband challenges the weight of the evidence relative to the award of spousal support, including the amount, duration, and conditions.

**{¶12}**  A trial court's decision concerning spousal support may be altered only if it constitutes an abuse of discretion. *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

**{¶13}** R.C. 3105.18(C)(1)(a) through (n), which sets forth the factors a trial court is to consider in determining whether spousal support is appropriate and reasonable and in determining the nature, amount, terms of payment, and duration of spousal support, provides:

**{¶14}** "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:

> "(a) The income of the parties, from all sources,
> including, but not limited to, income derived from property
> divided, disbursed, or distributed under section 3105.171 of

the Revised Code; (b) The relative earning abilities of the parties; (c) The ages and the physical, mental, and emotional conditions of the parties; (d) The retirement benefits of the parties; (e) The duration of the marriage; (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home; (g) The standard of living of the parties established during the marriage; (h) The relative extent of education of the parties; (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties; (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party; (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought; (l) The tax consequences, for each party, of an award of spousal support; (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be

relevant and equitable."

**{¶15}** For the same reasons we remanded the issue of spousal support in Wife's prior appeal, we find the trial court did not abuse its discretion in awarding Wife spousal support in the amount of $500/month, and we further find the amount of the award was not against the manifest weight of the evidence. Husband, born in 1972, earns approximately $71,500/year and also receives $9,000/year in Social Security benefits on behalf of the parties' two children. Wife, born in 1966, worked until 1996, as a registered nurse. She currently receives $16,752/year in Social Security disability benefits for a mental-health diagnosis. Wife was a stay-at-home parent after the first child was born until LCCS intervened in 2008. She has no investment or retirement accounts. Pursuant to the divorce decree, Husband was awarded his 401(k) of $10,000 in the property division. The duration of the marriage was approximately 11 years, from April 24, 1997, until September 17, 2008, as such it was a marriage of some significant length. Husband was awarded, inter alia, the house and the Audi, although the loan balances exceeded the market value of both assets.

**{¶16}** The purpose of spousal support is "for sustenance and support of the * * * former spouse." *Robbins v. Robbins,* Clark App. No. 06CA0136, 2008-Ohio-495, 2008 WL 344143, ¶ 22, citing R.C. 3105.18(A). Following the original decree of divorce, Wife was left at a near-poverty level. She lost her stake in the marital home, has no retirement money, and is left, in her mid-forties, with few personal possessions. Although not the result of the trial court's orders, she has lost custody of her children, gone through a bankruptcy, and faces the task of treating her bipolar condition

sufficiently to enable re-entry into the workforce, from which she has been absent for over 15 years. Considering the significant disparity in the parties' incomes and the limitations on Wife's occupational and economic situation in the foreseeable future, we find the trial court's order of $500/month as spousal support was not an abuse of discretion and was not against the manifest weight of the evidence.

{¶17} We do, however, find the trial court's spousal support order requires some clarification. The trial court indicated the "[spousal support] order shall continue as a permanent order or until the death of either party." February 7, 2012 Decree of Divorce (Remand) at 8. In our first Opinion, we instructed the trial court to reserve jurisdiction over spousal support. We find the trial court's use of the word "permanent" to describe the award is a mischaracterization. After noting the award was "a permanent order", the trial court, in the next sentence of the decree, expressly retained jurisdiction over the issue of spousal support in both amount and duration. Thus, it is clear the trial court meant for the spousal support award to continue until further order of the court, not to continue indefinitely as the word "permanent" implies.

{¶18} Husband also asserts the trial court should have included "remarriage" and "cohabitation" as conditions for the termination of the spousal support award. We agree with Husband the trial court should have included "remarriage" as a condition for the termination of the support order. However, although Wife was cohabiting at the time of the final hearing, we do not find "cohabitation" should necessarily mandate termination of spousal support. The trial court was aware of Wife's living arrangements and factored such when it determined the amount of support.

**{¶19}** Husband's first and second assignments of error are sustained in part, and overruled in part.

**{¶20}** The judgment entry of the Licking County Court of Common Pleas, Domestic Relations Division, is affirmed in part; reversed in part; and remanded to the trial court to reissue the decree of divorce to include "remarriage" as a condition for termination of spousal support.

By: Hoffman, P.J.

Farmer, J. and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ John W. Wise_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

VERNON LINDENMAYER         :
                                      :

    Plaintiff-Appellant          :

                                        :

-vs-                            :           JUDGMENT ENTRY

                                        :

STEPHANIE LINDENMAYER    :

                                        :

    Defendant-Appellee     :           Case No. 12-CA-00012

For the reasons stated in our accompanying Opinion, the judgment entry of the Licking County Court of Common Pleas, Domestic Relations Division, is affirmed in part; reversed in part; and remanded to the trial court to reissue the decree of divorce to include "remarriage" as a condition for termination of spousal support. Costs to Appellant.

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN

s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

s/ John W. Wise_____
HON. JOHN W. WISE