[Cite as *Lindenmayer v. Lindenmayer*, 2014-Ohio-3319.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| VERNON C. LINDENMAYER | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| STEPHANIE L. LINDENMAYER | : | Case No. 13-CA-108 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Domestic Relations Division,
                                Case No. 2008 DR 1286 DF


JUDGMENT:                       Reversed and Remanded


DATE OF JUDGMENT:               July 18, 2014


APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

STEPHEN B. WILSON                       GEORGE W. LEACH
35 South Park Place                     100 East Main Street
Suite 150                               Columbus, OH  43215
Newark, OH  43055

*Farmer, J.*

{¶1} On March 8, 2011, appellant, Vernon Lindenmayer, and appellee, Stephanie Lindenmayer, were granted a divorce. Appellee was denied spousal support and appealed. This court reversed in part and remanded the matter to the trial court on the issue of spousal support. *Lindenmayer v. Lindenmayer,* 197 Ohio App.3d 580, 2011-Ohio-5511.

{¶2} Upon remand, the trial court issued a decree of divorce on February 7, 2012, ordering appellant to pay appellee spousal support in the amount of $500.00 per month until the death of either party. Appellant appealed, challenging the spousal support award and arguing the trial court should have included "remarriage" as a condition for the termination of spousal support. This court agreed on the remarriage condition, and reversed in part and remanded the matter to the trial court. *Lindenmayer v. Lindenmayer,* 5th Dist. Licking No. 12-CA-00012, 2012-Ohio-3172.

{¶3} In response to this remand, the trial court filed a decree of divorce on July 18, 2012 to include termination of spousal support upon remarriage.

{¶4} On September 18, 2012, appellee filed a motion for contempt for appellant's failure to pay spousal support. On October 31, 2012, appellant filed a motion to modify spousal support based on a substantial change in circumstances (appellee's cohabitation) and motion for contempt regarding appellee's failure to return personal property. A hearing was held on September 30, 2013. By judgment entry filed October 24, 2013, the trial court denied appellant's motion to modify spousal support and denied both contempt motions.

{¶5}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶6}   "THE TRIAL COURT ERRED IN PERMITTING DEPENDENT-APPELLEE'S PARAMOUR, WILLIAM JERVIS TO REFUSE TO RESPOND TO APPELLANT'S QUESTIONS BY ASSERTING HIS FIFTH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION AND IN REFUSING TO GRANT PLAINTIFF-APPELLANT A CONTINUANCE TO OBTAIN A TRANSCRIPT OF THE WITNESS'S PRIOR TESTIMONY UNLESS PLAINTIFF-APPELLANT WOULD AGREE TO PAY DEFENDANT-APPELLEE AN INCREASED AMOUNT OF SPOUSAL SUPPORT TO BE APPLIED TOWARDS THE ARREARAGE WHEN THERE WAS ALREADY AN ORDER IN PLACE ADDRESSING THAT ISSUE AND PLAINTIFF-APPELLANT WAS IN COMPLIANCE WITH SAID ORDER."

II

{¶7}   "THE TRIAL COURT ERRED IN NOT TERMINATING PLAINTIFF-APPELLANT'S SPOUSAL SUPPORT OBLIGATION."

I

{¶8}   Appellant argues the trial court erred in permitting a non-party witness, William Jervis, to claim his Fifth Amendment privilege in answering questions posed by his trial counsel.  Appellant further argues the trial court erred in denying his request for a continuance in order to review a trial transcript from Mr. Jervis's municipal court criminal case (telecommunication harassment against appellant's former counsel).  We agree.

{¶9} The matter was before the trial court upon appellee's September 18, 2012 motion for contempt for appellant's failure to pay spousal support, and appellant's October 31, 2012 motion to modify spousal support and motion for contempt regarding appellee's failure to return personal property.

{¶10} The basis of appellant's motion to modify spousal support was a substantial change in circumstances to wit: appellee's cohabitation with Mr. Jervis, Mr. Jervis's support of appellee, and the fact that appellee and Mr. Jervis had a child together on November 26, 2012. September 30, 2013 T. at 18-20, 54-58, 68.

{¶11} In order to understand the issues presented sub judice, we must review the procedural history. In *Lindenmayer v. Lindenmayer,* 197 Ohio App.3d 580, 2011-Ohio-5511, ¶ 36, this court remanded the case to the trial court on the issue of spousal support:

The purpose of spousal support is "for sustenance and support of the * * * former spouse." *Robbins v. Robbins*, Clark App.No. 06CA0136, 2008-Ohio-495, 2008 WL 344143, ¶ 22, citing R.C. 3105.18(A). While we herein indulge in the presumption that the court considered all the statutory spousal support factors, *Carroll,* 2004-Ohio-6710, 2004 WL 2891928, it is no exaggeration in this instance to conclude that the trial court's decision in this regard has left appellant at a near-poverty level. She has lost her stake in the marital home, has no retirement money, and is left, in her mid-forties, with some personal possessions, a 2008 Dodge automobile, and two other vehicles with minimal value. Although not the

result of the trial court's orders, she has also lost custody of her children, gone through a bankruptcy, and faces the task of treating her bipolar condition sufficiently to enable re-entry into the workforce, from which she has been absent for over 15 years. We are cognizant that appellant has not been made responsible for the bulk of the marital debt, has not been ordered to pay child support, and has been, at least according to several witnesses at trial, living with a male friend. However, considering the significant disparity in the parties' incomes and the limitations on appellant's occupational and economic situation in the foreseeable future, we are persuaded upon review of the record that the court's disallowance of spousal support and refusal to retain jurisdiction thereon was unreasonable and unconscionable under the circumstances, and thus constituted an abuse of discretion.

{¶12} In response to our remand, the trial court filed a decree of divorce on February 7, 2012, stating the following:

The Court notes that the defendant cohabitates with an unrelated male who the evidence shows is her boyfriend. The Court also notes the unequal distribution of marital debt to the plaintiff. The plaintiff is the residential parent of the two children of the parties. The defendant pays no child support. However, the plaintiff does receive approximately $9,000.00 a year in social security benefits for the children.

The Court thus orders spousal support in the amount of $500.00 per month plus processing fee. Said order shall continue as a permanent order or until the death of either party.

The Court retains jurisdiction regarding the issue of spousal support, both in amount and duration. Specifically, the Court retains jurisdiction regarding any change in the financial situation of the parties or the living situation/status of the parties.

This order shall be effective upon the filing of the original Judgment Decree of Divorce. However, any spousal support arrearage created by this entry shall be paid by the plaintiff at $50.00 a month until extinguished.

{¶13} Appellant appealed this order and assigned as error the following: "I. THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING SPOUSAL SUPPORT TO APPELLEE, BOTH AS TO AMOUNT, DURATION, AND CONDITIONS FOR RESERVATION OF JURISDICTION." In our decision, *Lindenmayer v. Lindenmayer,* 5th Dist. Licking No. 12-CA-00012, 2012-Ohio-3172, ¶ 18, we remanded the matter to the trial court to include the condition of "remarriage":

Husband also asserts the trial court should have included "remarriage" and "cohabitation" as conditions for the termination of the spousal support award. We agree with Husband the trial court should have included "remarriage" as a condition for the termination of the

support order. However, although Wife was cohabiting at the time of the final hearing, we do not find "cohabitation" should necessarily mandate termination of spousal support. The trial court was aware of Wife's living arrangements and factored such when it determined the amount of support.

{¶14} In response to this remand, the trial court filed a decree of divorce on July 18, 2012 to include termination of spousal support upon remarriage.

{¶15} On October 31, 2012, appellant filed the present motion requesting modification of spousal support:

> In the Decree of Divorce filed on March 8, 2011, no spousal support was ordered. However, this was later modified in the Decree of Divorce (Remand) filed on February 7, 2012, in which Plaintiff was ordered to pay spousal support in the amount of $500.00 per month plus processing fee. This ruling was upheld in the Decree of Divorce (Remand II) filed on July 18, 2012. Since that time there has been a substantial change in circumstances warranting a modification, which Plaintiff intends to address more fully at the time of the final hearing in this matter.

{¶16} During the September 30, 2013 hearing on the motion, appellant's trial counsel proffered the following regarding Mr. Jervis (T. at 70):

MR. WILSON: Thank you, Your Honor.  Your Honor, for the record the witness [Mr. Jervis] would be asked and would testify with respect to Licking County Municipal Court Case Number 12 CRB 2598, which was heard in the Licking County Municipal Court on September 26th, 2013, in which the defendant, William Jervis, took the witness stand, testified freely, and openly waiving his Fifth Amendment right.  And did testify in that case that he supported Stephanie Lindenmayer, and that would be directly relevant to the motion to terminate or modify spousal support in the pending case for which Mr. Jervis has been called as a witness.  That would be the extent of the proffer, Your Honor.

{¶17}  Said proffer was done without the municipal court transcript of the hearing.  The trial court asked if trial counsel wished a continuance, presumably to obtain the transcript.  T. at 71.  However, the trial court made the continuance contingent on the payment of an additional $50.00 per month on the arrearage of spousal support.  T. at 78.  Appellant's trial counsel refused and the trial court denied the continuance.  T. at 78-79.

{¶18} The motions before the trial court had been pending for over eleven months.  Appellant's trial counsel changed because of telecommunication harassment and threats by Mr. Jervis, and Mr. Jervis purposely failed to provide documents to appellant's trial counsel as requested until the trial court ordered him to comply on November 29, 2012.  On January 18, 2013, the trial court issued a show cause order

against Mr. Jervis for failing to comply. Mr. Jervis sought three continuances which were denied (June 19, July 30, and October 17, 2013).

{¶19} Although we can appreciate the trial court's frustration over the delays, the delays were not caused by appellant or appellant's trial counsel, but by Mr. Jervis, appellee's live-in boyfriend. At a minimum, we find the trial court should have granted a continuance that was not contingent on an increase in spousal support arrearage.

{¶20} Assignment of Error I is granted.

{¶21} The judgment of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division is hereby reversed, and the matter is remanded to said court to permit questioning of Mr. Jervis relative to Evid.R. 801(D)(1).

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.

SGF/sg 616