PHILLIS, Appellee and Cross–Appellant,

v.

PHILLIS, Appellant and Cross–Appellee.

[Cite as *Phillis v. Phillis,* 164 Ohio App.3d 364, 2005-Ohio-6200.]

Court of Appeals of Ohio,
Fifth District, Morgan County.

No. CA 05 003.

Decided Nov. 14, 2005.

Michael D. Buell, for appellee and cross-appellant.

William L. Burton, for appellant and cross-appellee.

BOGGINS, Presiding Judge.

{¶ 1} This is an appeal from the decision of the Morgan County Court of Common Pleas, Domestic Relations Division, in a divorce action.

{¶ 2} Defendant-appellant and cross-appellee, David M. Phillis, appeals the court's division of marital properties and establishment of custody and visitation.

{¶ 3} Plaintiff-appellee and cross-appellant, Annette Phillis, appeals the court's determination as to the amount of child support.

Statement of the Facts and Case

{¶ 4} The relevant facts leading to this appeal are as follows:

{¶ 5} The parties in this action were married on August 30, 1988. Two children were born of the marriage: Jacob, born February 2, 1992, and Jonathan, born December 3, 1995.

{¶ 6} During this marriage, appellee-wife attended college and received a degree in chemical-processes engineering. She is currently employed at G.E. Water and earns approximately $40,000 per year. She has a 401K retirement plan valued at $38,250.

{¶ 7} Appellant-husband earns approximately $37,986.

{¶ 8} The parties owned real estate in Center Township, a portion of which was premarital property belonging to appellant-husband, with a marital interest value of $16,250.

{¶ 9} The parties also acquired interest in four oil wells in Morgan County valued at $60,000.

{¶ 10} On September 29, 2003, appellee-wife filed a complaint for divorce.

{¶ 11} On August 25, 2004, counsel for appellant-husband moved the court for permission to withdraw as counsel, citing, inter alia, appellant-husband's refusal to follow advice of counsel, interference with the appraisal process, and interference with the discovery process as grounds for such withdrawal. The court granted the motion and continued the trial date for the divorce from October 10, 2005.

{¶ 12} On December 15, 2004, this matter came on for trial. Both parties were represented by counsel. Both parties testified at trial.

{¶ 13} By journal entry dated January 3, 2005, the trial court granted the divorce.

{¶ 14} Husband and wife each timely appealed and herein raise the following assignments of error.

Assignments of Error

David M. Phillis

{¶ 15} "I. The court erred as a matter of law in awarding custody of the children to the wife with severe restrictions.

{¶ 16} "II. The court erred as a matter of law in determining value of oil and gas property.

{¶ 17} "III. The court erred in failing to give proper marital credit for a college degree and the wife's pension.

{¶ 18} "IV. Defendant received ineffective assistance of counsel in that counsel did not object to or introduce any evidence in regard to custody and oil and gas prices and values."

Annette Kristine Phillis

{¶ 19} "I. The trial court erred when it ordered child support in an amount less than the statutory guidelines and that appellant be permitted to claim the children on his income tax return."

## I

{¶ 20} In his first assignment of error, appellant argues that the trial court erred in granting custody to the wife. We disagree.

{¶ 21} Both the transcript and the trial court's journal entry granting the divorce state that a stipulation was reached by the parties as to custody of the two children whereby the mother would be the residential parent and legal custodian and the father would have supervised visitation with the children on Sundays from 1:00 p.m. to 6:00 p.m. Certain family members were agreed upon to act in the supervisory capacity for the visitation.

{¶ 22} A review of the transcript provides the following exchange:

{¶ 23} Atty. Buell: "The—so we met with the Court briefly before the hearing began and advised the Court that the custody issue had been resolved, that you would be the custodial parent of the two children, that Mr. Phillis would have visitation with the boys on Sundays from 1 to 6:00 supervised by—and there were three people or couples. One was Michael Phillis and his girlfriend I believe?"

{¶ 24} No objection was made to this question by the husband. Furthermore, the court would know if it had not been advised of such an arrangement as stated by counsel.

{¶ 25} The husband cannot now be heard to complain that the court abused its discretion by accepting a stipulation that the parties entered into prior to trial. *Terry v. Terry* (1994), 99 Ohio App.3d 228, 650 N.E.2d 184.

{¶ 26} Having been advised of such a stipulation as to custody, the trial court did not have to list its reasons pursuant to R.C. 3109.04.

{¶ 27} Accordingly, the husband's first assignment of error is overruled.

## II

{¶ 28} In his second assignment of error, the husband argues that the trial court erred in determining the value of the oil and gas property. We disagree.

{¶ 29} The husband contests the values contained in the opinions presented as evidence as to the wells.

{¶ 30} A review of the record reveals that not only did the husband fail to object to the admission or introduction of the opinions of either the wife or Mr. Smeltzer as to the value of the wells, the husband failed to produce any evidence, contradictory or otherwise, as to that valuation.

{¶ 31} Again, we find that the husband has waived the right to assert this issue for the first time on appeal.

{¶ 32} The husband's second assignment of error is overruled.

## III

{¶ 33} In his third assignment of error, the husband argues that the trial court erred in its division of marital property. We disagree.

{¶ 34} Specifically, the husband argues that the oil and gas wells were overvalued, that he was not given credit for the economic benefit of the wife's college degree, and that the trial court failed to give him actual cash value of the wife's pension and further failed to take into account the wife's financial misconduct.

{¶ 35} An appellate court generally reviews the overall appropriateness of the trial court's property division in divorce proceedings under an abuse-of-discretion standard. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 20 O.O.3d 318, 421 N.E.2d 1293. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140. R.C. 3105.171 explains a trial court's obligation when dividing marital property in divorce proceedings as follows:

"(C)(1) Except as provided in this division or division (E) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section." See, also, *Cherry*, 66 Ohio St.2d at 355, 20 O.O.3d 318, 421 N.E.2d 1293. On appellate review, the trial court's property division should be viewed as a whole in determining whether it has achieved an equitable and fair division of marital assets. *Briganti v. Briganti* (1984), 9 Ohio St.3d 220, 222, 9 OBR 529, 459 N.E.2d 896.

{¶ 36} R.C. 3105.171(F) reads:

{¶ 37} "In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors:

{¶ 38} "(1) The duration of the marriage;

{¶ 39} "(2) The assets and liabilities of the spouses;

{¶ 40} "(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;

{¶ 41} "(4) The liquidity of the property to be distributed;

{¶ 42} "(5) The economic desirability of retaining intact an asset or an interest in an asset;

{¶ 43} "(6) The tax consequences of the property division upon the respective awards to be made to each spouse;

{¶ 44} "(7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;

{¶ 45} "(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;

{¶ 46} "(9) Any other factor that the court expressly finds to be relevant and equitable."

{¶ 47} Upon review, we find that the trial court, in determining the wife's portion of the marital assets, did in fact consider and account for the value of her college education (including fuel and clothing expenses for same) and her 401K.

{¶ 48} The trial court also considered the alleged "financial misconduct," which involved the wife's keeping a check received by her from her insurance

company for medical bills incurred by the husband instead of paying medical providers or turning the check over to the husband.

{¶ 49} Based on the entire record, we do not find that the trial court abused its discretion in failing to attribute the above as financial misconduct by the wife.

{¶ 50} The husband's third assignment of error is overruled.

## IV

{¶ 51} In his fourth assignment of error, the husband claims that he received ineffective assistance of counsel. We disagree.

{¶ 52} In this assignment, the husband states generally that his counsel raised "no objections to irrelevant and inappropriate evidence; there were no follow ups on the best interests of the children; and there was no cross examination as to the financial misconduct and misallocation of marital funds."

{¶ 53} A complaint of ineffective assistance of counsel is not a proper ground on which to reverse the judgment of a lower court in a civil case that does not result in incarceration in its application when the attorney was employed by a civil litigant. *Roth v. Roth* (1989), 65 Ohio App.3d 768, 776, 585 N.E.2d 482.

{¶ 54} Appellant's fourth assignment of error is overruled.

## V

{¶ 55} In her sole assignment of error, the wife claims that the trial court erred in ordering an amount of child support less than the statutory guidelines and further erred in awarding the husband the tax exemption for both children. We agree.

{¶ 56} Pursuant to R.C. 3119.03, "the amount of child support that would be payable under a child support order, as calculated pursuant to the basic child support schedule and applicable worksheet through the line establishing the actual annual obligation, is rebuttably presumed to be the correct amount of child support due." However, in the context of a shared-parenting order, R.C. 3119.24 authorizes the court to deviate from the guideline calculation if that amount "would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in section 3119.23 of the Revised Code."

{¶ 57} The "extraordinary circumstances" enumerated in R.C. 3119.24(B) include (1) the amount of time the children spend with each parent, (2) the ability of each parent to maintain adequate housing for the children, (3) each parent's expenses, including child-care expenses, school tuition, medical expenses, dental

expenses, and any other expenses the court considers relevant, and (4) any other circumstances the court considers relevant.

{¶ 58} R.C. 3119.24(A)(2) further provides that if the court deviates from the child-support guidelines, it "shall enter in the journal the amount [of child support calculated pursuant to the basic child-support schedule and the applicable worksheet], its determination that the amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting its determination." See, also, *Marker v. Grimm* (1992), 65 Ohio St.3d 139, 601 N.E.2d 496, paragraph three of the syllabus. We must find an abuse of discretion if a trial court orders a deviation that is not supported by findings of fact journalized in the record. *DePalmo v. DePalmo* (1997), 78 Ohio St.3d 535, 538, 679 N.E.2d 266.

{¶ 59} In the case sub judice, the trial court found "that the statutory calculation for child support based upon the figures in evidence before the court, indicates that the Defendant's child support obligation should be $673.61 per month as and for the support of the two minor children of the parties."

{¶ 60} The trial court has failed to state exactly how it arrived at the amount of the deviation from the statutory child-support calculation. The trial court states only:

{¶ 61} "The court, in reviewing the financial documents submitted into evidence by the parties, finds that ordering said amount for child support for the children of the parties would be an excessive, over burdensome and inequitable charge to the Defendant and consequently, the court feels that the equities of the parties' financial situations require a deviation on the amount of child support to be paid by the Defendant. Consequently, the court orders that the Defendant's child support payments shall be set at the rate of $500 per month commencing with the month of January, 2005, and continuing thereafter until the children reach the statutory age at which child support is no longer payable or until further order of the court."

{¶ 62} Additionally, the trial court found:

{¶ 63} "In view of the amount of child support being paid by the Defendant, the court finds that it is equitable that the Defendant have the right to claim the minor children of the parties as exemptions on his federal, state and local income tax returns for the tax years 2004 and thereafter until further order of the court."

{¶ 64} The trial court, in its property division, allocated $105,750 to the husband and $46,256 to the wife. The husband was ordered to pay one half of the $59,494 difference ($29,747) to the wife in 29 monthly installments of $1,000, beginning January 2005, with one payment of $747 30 months thereafter.

{¶ 65} While the trial court makes no findings of fact to support its conclusion that the amount of the deviation is necessary to prevent an "excessive over burdensome and inequitable charge to the Defendant," it appears that the deviation may be based in part on the $1,000 monthly obligation that the husband is ordered to pay to the wife to equalize the marital-property division. Without this information, however, this court cannot adequately determine whether the amount of the deviation constitutes an abuse of discretion.

{¶ 66} Accordingly, we conclude that the trial court's failure to provide adequate findings of fact constitutes reversible error.

{¶ 67} Cross-appellant's sole assignment of error is sustained.

{¶ 68} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Morgan County, Ohio, is hereby affirmed in part and reversed in part, and the cause is remanded for proceeding consistent with this opinion.

> Judgment affirmed in part
> and reversed in part,
> and cause remanded.

WISE and EDWARDS, JJ., concur.