[Cite as *D.O.I.T., L.L.C. v. Bd. of Wright Dunbar Technology Academy*, 2011-Ohio-4538.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | |
|---|---|
| D.O.I.T., LLC, et al. : | |
| : | Appellate Case No. 23250 |
| Plaintiff-Appellant : | |
| : | Trial Court Case No. 05-CV-5695 |
| v. : | |
| : | |
| BOARD OF WRIGHT DUNBAR : | (Civil Appeal from |
| TECHNOLOGY ACADEMY (WDTA), : | |
| : | Common Pleas Court) |
| et al. : | |
| : | |
| Defendant-Appellees : | |
| : | |

· · · · · · · · · ·

O P I N I O N

Rendered on the 9th day of September, 2011.

· · · · · · · · ·

MICHAEL D. MANUEL, 1180 Infirmary Road, Dayton, Ohio 45418
      Plaintiff-Appellant, *pro se*

GREGORY M. GANTT, Atty. Reg. #0064414, 137 North Main Street, Suite 500, Dayton, Ohio 45402
      Attorney for Defendant-Appellee

· · · · · · · · ·

HALL, J.

{¶ 1} Michael Manuel appeals pro se from the trial court's entry of final judgment against him on a complaint asserting various causes of action against his former employer, Wright Dunbar Technology Academy (WDTA), and others.

{¶ 2} The record reflects that Manuel and another plaintiff, D.O.I.T., LLC, filed the complaint following the termination of Manuel's employment with WDTA. The matter proceeded to trial before a magistrate. Following the trial, "the parties agreed to submit documents in support of the testimony given and stipulated to the submission of the documents." (Magistrate's decision, Doc. #82 at 2). The magistrate also set a deadline for submission of post-trial briefs. At Manuel's request, the magistrate later extended the deadline. Three days after the new deadline expired, Manuel moved for summary judgment. (Id.). The appellees responded by moving to strike the summary judgment filing and moving to dismiss the action for failure to prosecute. (Doc. # 77).

{¶ 3} The magistrate sustained the appellees' motion to strike, noting that the summary judgment motion had been filed after the bench trial and without leave of court. The magistrate also sustained the motion to dismiss, noting that Manuel had not complied with post-trial procedures. The magistrate ordered dismissal pursuant to Civ.R. 41(B)(1).[1] (Doc. #82 at 2-4). Manuel filed no objections to the magistrate's decision, which the trial court adopted. (Doc. #83). This appeal followed.

{¶ 4} In two assignments of error, Manuel contends his trial counsel provided constitutionally ineffective assistance by failing to meet court deadlines and by failing to act in

---

[1] Civ.R. 41(B)(3) provides that "[a] dismissal under division (B) of this rule * * * operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." Here neither the magistrate nor the trial court specified that the dismissal was other than upon the merits.

a timely manner. In support, he relies on *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.E.2d 674, as well as the Sixth and Fourteenth Amendments. Based on counsel's performance, Manuel asks us to reverse the trial court's judgment and remand the cause "to continue trial and recover his damages[.]"

{¶ 5} Upon review, we find Manuel's argument to be without merit. "'A complaint of ineffective assistance of counsel is not a proper ground on which to reverse the judgment of a lower court in a civil case that does not result in incarceration * * * when the attorney was employed by a civil litigant.'" *Wolford v. Wolford*, 184 Ohio App.3d 363, 2009-Ohio-5459, ¶32, quoting *Phillis v. Phillis*, 164 Ohio App.3d 364, 2005-Ohio-6200, ¶53; see, also, *Novello v. Novello*, Noble App. No. 10 NO 378, 2011-Ohio-2973, ¶23 ("The Sixth Amendment guarantees a defendant effective counsel in criminal prosecutions. There is no such guarantee in civil actions."). Because Manuel had no constitutional right to effective assistance of counsel from the attorney he hired in this civil case, he cannot obtain reversal based on any ineffectiveness. His two assignments of error are overruled.

{¶ 6} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . . .

FAIN and FROELICH, JJ., concur.

Copies mailed to:

Michael D. Manuel
Gregory M. Gantt
Hon. Steven K. Dankof (for Hon. A.J. Wagner)