[Cite as *Rafeld v. Sours*, 2014-Ohio-4242.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


TYLER J. RAFELD

      Plaintiff-Appellee

-vs-

CASSIE M. SOURS NKA ZONA

      Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P. J.
Hon. John W. Wise, J.
Hon. Craig R. Baldwin, J.

Case No. 14 COA 006

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Juvenile Division, Case No. 20124138 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | September 25, 2014 |

APPEARANCES:


| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| NO APPEARANCE | L. RAY JONES<br>Post Office Box 592<br>Medina, Ohio  44258 |

*Wise, J.*

{¶1}. Appellant Cassie M. Sours, nka Zona appeals the decision of the Ashland County Court of Common Pleas, Juvenile Division, which named Appellee Tyler J. Rafeld the residential parent and legal custodian of the parties' minor daughter. The relevant facts leading to this appeal are as follows.

{¶2}. Appellant gave birth to T.R., a daughter, in 2007. Appellant and appellee have never been married, although it appears appellee did sign the child's birth certificate.

{¶3}. On November 27, 2012, appellee filed a motion to allocate parental rights and responsibilities as to T.R.[1]

{¶4}. On January 31, 2013, the trial court issued a judgment entry establishing appellee as T.R.'s father. The remaining issues in appellee's motion were continued.

{¶5}. The matter proceeded to an evidentiary hearing before a magistrate on March 12, 2013.

{¶6}. On July 5, 2013, the magistrate issued a decision recommending that appellee be named T.R.'s residential parent and legal custodian, with specific parenting time to appellant. The magistrate further recommended that appellee's child support obligation would be terminated effective November 27, 2012.

{¶7}. On July 19, 2013, appellant filed an objection to the magistrate's decision.

---

[1] Said motion is the first trial court pleading in the record before us. We have not been provided with documentation of any earlier proceedings concerning T.R., either in court or with a child support enforcement agency.

{¶8}.  On February 20, 2014, having reviewed the transcript and record, the trial court issued a judgment entry adopting the magistrate's decision, with the exception of modifying summer visitation times.

{¶9}.  On February 28, 2014, appellant filed a notice of appeal. She herein raises the following three Assignments of Error:

{¶10}. "I.  INEFFECTIVE ASSISTANCE OF COUNSEL: COUNSEL REPEATEDLY INFORMED DEFENDANT THAT BY LAW SHE WAS PRESUMED TO REMAIN CUSTODIAN UNLESS SHE WAS UNFIT. HER ATTORNEY WAS OBLIVIOUS TO ORC 3109.04, THAT THE MOTHER AND FATHER STOOD UPON EQUALITY WHEN MAKING AN INITIAL DETERMINATION. INEFFECTIVE ASSISTANCE SHOULD BE APPLIED TO A STANDARD CUSTODY CASE, AS WELL AS A CASE FOR PERMANENT CUSTODY BY A PUBLIC AGENCY, SEE SUPPLEMENTAL OBJECTIONS FILED OCTOBER 1, 2013 (#34 IN COURT'S RECORD) AND OCTOBER 28, 2013 (#36 IN THE COURT'S RECORD).

{¶11}. "II. THE TRIAL COURT ERRED IN NOT HAVING HELD AN IN CAMERA INTERVIEW OF THE CHILD PRIOR TO THE COURT'S OPINION AND JUDGMENT ENTRY OF FEBRUARY 20, 2014.

{¶12}. "III. THE TRIAL COURT ERRED BY RETROACTIVELY ELIMINATING THE APPELLEE'S CHILD SUPPORT OBLIGATION WITHOUT EVIDENCE OR CALCULATION SHEETS IN THE RECORD TO SUPPORT SAME."

I.

{¶13}. In her First Assignment of Error, appellant contends she was deprived of the effective assistance of counsel during the initial custody determination regarding T.R.

{¶14}. Appellant essentially maintains that her trial counsel was ineffective in failing to adequately prepare for an initial custody dispute, particularly in light of R.C. 3109.042, which states as follows: "An unmarried female who gives birth to a child is the sole residential parent and legal custodian of the child until a court of competent jurisdiction issues an order designating another person as the residential parent and legal custodian. A court designating the residential parent and legal custodian of a child described in this section shall treat the mother and father as standing upon an equality when making the designation."

{¶15}. However, we have recognized that a claim of ineffective assistance of counsel is not a proper ground on which to reverse the judgment of a lower court in a civil case that does not result in incarceration in its application when the attorney was employed by a civil litigant. *Phillis v. Phillis,* 164 Ohio App.3d 364, 842 N.E.2d 555, 2005-Ohio-6200, ¶ 53, citing *Roth v. Roth* (1989), 65 Ohio App.3d 768, 776, 585 N.E.2d 482. While this court has allowed an exception for "ineffective assistance" claims in civil permanent-custody appeals (see, e.g., *In re Utt Children,* Stark App. No. 2003CA00196, 2003-Ohio-4576, 2003 WL 22020802), this is not the case in this instance, and we find no basis to deviate from our precedent on this issue.

{¶16}. Appellant's First Assignment of Error is therefore overruled.

II.

{¶17}. In her Second Assignment of Error, appellant contends the trial court erred by not holding an in camera interview between the court and the child. We disagree.

{¶18}. R.C. 2151.23 specifically provides that a juvenile court shall exercise its jurisdiction in child custody matters in accordance with R.C. 3109.04. *See, e.g.*, *In re M.S., Jr.,* 8th Dist. Cuyahoga No. 99563, 2013–Ohio–4043, ¶ 8.

{¶19}. Appellant thus directs us to R.C. 3109.04(B)(1), which states as follows: "(B)(1) When making the allocation of the parental rights and responsibilities for the care of the children under this section in an original proceeding or in any proceeding for modification of a prior order of the court making the allocation, the court shall take into account that which would be in the best interest of the children. In determining the child's best interest for purposes of making its allocation of the parental rights and responsibilities for the care of the child and for purposes of resolving any issues related to the making of that allocation, *the court, in its discretion, may and, upon the request of either party, shall interview in chambers any or all of the involved children regarding their wishes and concerns with respect to the allocation.*" (Emphasis added).

{¶20}. However, in the case sub judice, appellant did not request an in camera interview until August 15, 2013, well over a month after the magistrate had issued her decision as to the allocation of parental rights and responsibilities.

{¶21}. We note "*** [a] trial court clearly has discretion under Civ.R. 53(D)(4) to take additional evidence before ruling on objections." *Parrick v. Parrick*, 3rd Dist. Hancock No. 5–12–12, 2013-Ohio-422, ¶ 34. Where conflicts arise between the Ohio Civil Rules and statutory law, the rule will control the statute on matters of procedure.

*See Boyer v. Boyer* (1976), 46 Ohio St.2d 83, 346 N.E.2d 286. We therefore hold that a judge's general discretion whether or not to hear additional evidence on a Civ.R. 53 objection takes precedence over the mandate of R.C. 3019.04(B)(1) where an appellant has failed to request an in camera interview prior to the decision of the magistrate hearing the custody issue.

**{¶22}.** Accordingly, upon review, we find no merit in appellant's claim that the trial court was required to conduct an in camera interview of T.R. under the circumstances presented. Appellant's Second Assignment of Error is overruled.

III.

**{¶23}.** In her Third Assignment of Error, appellant contends the trial court erred in "retroactively eliminating" appellee's child support obligation to November 27, 2012, the date of appellee's motion to allocate parental rights and responsibilities. We disagree.

**{¶24}.** In *Booth v. Booth* (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028, the Ohio Supreme Court determined that the abuse-of-discretion standard is the appropriate standard of review in matters concerning child support. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

**{¶25}.** In *Wayco v. Wayco*, 5th Dist. Stark No. 1998–CA–00279, 1999 WL 174918 (March 8, 1999), this Court held that absent special circumstances, an order of the court modifying child support should be retroactive to the date the parties received notice of the request for modification.

{¶26}. We note appellee asserted in his motion to allocate parental rights and responsibilities in this matter that he had been the child's "primary caretaker." In light of *Wayco*, we are unpersuaded that the trial court abused its discretion in removing appellee's child support obligation as of the date he filed his said motion to allocate.

{¶27}. Appellant's Third Assignment of Error is overruled.

{¶28}. For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Juvenile Division, Ashland County, is hereby affirmed.

By: Wise, J.

Hoffman, P. J., and

Baldwin, J., concur.

JWW/d 0908