[Cite as *Secy. of Veterans Affairs v. Shaffer*, 2017-Ohio-801.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| SECRETARY OF VETERANS | : | Hon. W. Scott Gwin, P.J. |
| AFFAIRS | : | Hon. William B. Hoffman, J. |
|  | : | Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | : |  |
|  | : |  |
| -vs- | : | Case No. 16CA23 |
|  | : |  |
| TRISH SHAFFER, AKA PATRICIA | : |  |
| SHAFFER, NKA TRISH L. GOGGIN, | : | O P I N I O N |
| ET AL | : |  |
|  |  |  |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING:      Civil appeal from the Richland County Court of Common Pleas, Case No. 2012CV1029

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      March 6, 2017

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

MATTHEW RICHARDSON      TRISH SHAFFER PRO SE
P.O. Box 165028      Box 3832
Columbus, OH 43216-5028      Mansfield, OH 44907-3832

*Gwin, P.J.*

{¶1} Appellant appeals the March 24, 2016 judgment entry and decree of foreclosure of the Richland County Court of Common Pleas.

*Facts & Procedural History*

{¶2} In 1979, Ronald and Sharon Pence (the "Pences") gave a mortgage to Hartzler Mortgage in the amount of $35,000 on the property at issue. The mortgage expressly states that its covenants "shall bind * * * the respective heirs, executors, administrators, successors and assigns the parties hereto." One of the covenants of the mortgage is that the "Grantor" of the mortgage "will promptly pay the principal and interest on the indebtedness evidenced by the said note, at the times and in the manner therein provided." Further, under the mortgage, the term "Grantee," "shall include any payee of the indebtedness hereby secured or any transferee thereof whether by operation of law or otherwise."

{¶3} In 1982, the Pences sold the property to Mark Campbell ("Campbell"). The deed from the Pences to Campbell indicated that Campbell had assumed the indebtedness on the property as his own.

{¶4} In 1986, Campbell sold the property to appellant Trish Shaffer ("Shaffer") and her then-husband Richard Shaffer. As with the deed from the Pences to Campbell, the deed from Campbell to the Shaffers indicated the Shaffers had assumed the indebtedness on the property as their own, and that the Secretary would be indemnified upon a default on the mortgage loan indebtedness. Subsequently, when they divorced, Richard Shaffer quitclaimed his interest in the property to appellant.

{¶5} In 1979, Hartzler assigned its mortgage to the States Teachers Retirement Board of Ohio. In 1998, the State Teachers Retirement Board assigned the mortgage to Lasalle Bank. In 1999, Lasalle Bank assigned the mortgage to Chase Mortgage Company ("Chase"). In 2001, Chase assigned the mortgage to appellee, the Secretary of Veterans Affairs ("Secretary"), who continues to hold the mortgage.

{¶6} On August 29, 2012, the Secretary filed a foreclosure complaint against Shaffer, seeking judgment against her in the amount of $32,110.00 at the rate of 9.5% from December 1, 2000. Attached to the complaint were copies of the mortgage and all assignments of the mortgage. The Secretary did not attach a copy of the note, but stated, "a copy of the note cannot be located at this time."

{¶7} On October 3, 2012, Shaffer filed an answer to the complaint and counterclaim. Shaffer denied all allegations in the complaint and alleged, in support of her counterclaim, that the Secretary failed to respond to a qualified written request Shaffer allegedly sent to the Secretary under the federal Real Estate Settlement Procedures Act ("RESPA"). In support of her RESPA claim, Shaffer alleged the Secretary had been the servicer of the mortgage loan since the inception of the mortgage. However, Shaffer did not attach copies of her alleged qualified written request to her pleading. Shaffer also alleged the Secretary had falsely reported that Shaffer was in default on her mortgage loan and asserted a claim under the federal Fair Credit Reporting Act ("FCRA"). Shaffer did not attach any documentation to her counterclaim to indicate the Secretary had taken any such action.

{¶8} Shaffer filed a motion for judgment on the pleadings against the Secretary, arguing the Secretary lacked standing to file suit. Shaffer also argued that Chase, which

had filed a prior foreclosure action against Shaffer that was subsequently dismissed without prejudice in October of 2000, had "waived" its right to foreclose and further alleged that the alleged waiver bound the Secretary in this case. Finally, Shaffer argued the complaint was barred by the statute of limitations on grounds that the default occurred in 1986, not 2000 as alleged by the Secretary. The trial court denied Shaffer's motion. The parties then engaged in discovery.

{¶9}   Both Shaffer and the Secretary filed motions for summary judgment. While the trial court granted summary judgment to the Secretary on Shaffer's counterclaim, the trial court denied both parties their respective summary judgment motions on the foreclosure complaint. In its opinion denying the motions for summary judgment, the trial court found Shaffer had indeed assumed the indebtedness as consideration for purchasing the property, but went on to find the Secretary had not produced a payment history in order to establish the amount due and owing on the mortgage loan.

{¶10} The trial court held a bench trial on August 30, 2013. Shaffer did not appear for the trial, nor did she produce any witnesses or evidence at the trial. Residential Credit Solutions, Inc. ("Residential"), the current servicer for the loan, appeared on behalf of the Secretary. Residential produced an employee to testify as to the status and details of the loan. Additionally, the Secretary produced certified copies of recorded documents, such as the relevant deed transfers, mortgage, and assignments of mortgage, all of which were admitted into evidence. Additionally, because she did not appear at trial, the Secretary read into the trial court record Shaffer's testimony from her deposition.

{¶11} At trial, the Secretary called Justin Laubscher ("Laubscher") of Residential, to testify as to the status of the loan and the transfer of the servicing rights of the loan.

Laubscher also authenticated business records to indicate the amount of the principal balance on the loan and the amount due and owing. Laubscher stated he reviewed the loan file showing that when Residential booked the loan, the balance of the loan was $32,110. Laubscher testified the total due and owing is a total of $72,974.08, consisting of: $32,110 in principal, $38,880.76 in interest, $1,768.82 in taxes and insurance, and $214.50 for property inspections. The Secretary introduced Exhibit 5, which Laubscher stated was the judgment figure on the loan. Laubscher testified the purpose of the document was to account for the total amount due on the loan and that Residential's foreclosure department prepared the document. Further, that it is Residential's business practice to prepare judgment figures. Laubscher stated the payoff amount is higher than the judgment amount they are seeking because, in the judgment amount, the Secretary is not seeking late charges.

{¶12} On cross-examination, Laubscher testified the figures take into account payments made, but that there were no payments made. Over the objection of Shaffer's counsel, the trial court admitted the business records of Residential indicating the total amount due and owing. All records reflecting the deed transfers, the mortgage and assignments thereof, and Residential's loan records were admitted into evidence.

{¶13} The trial court ordered a post-trial hearing on the issue of the unpaid balance. Shaffer filed a brief arguing the exact amount due and owing had not been established and the lack of a payment history denied the Secretary the right to foreclose. The Secretary argued it had satisfied its burden as to the amount of damages. At the post-judgment hearing, Shaffer appeared and moved to introduce new evidence that she

had "just found . . . in the last three weeks" regarding the amount due and owing on her mortgage loan. The trial court refused to admit these documents into evidence.

{¶14} The magistrate issued a judgment entry granting judgment to Shaffer. The magistrate found Shaffer had not made a payment on the loan since December 1, 2000, but also found the Secretary could not enforce the indebtedness Shaffer had assumed on grounds that the Secretary could not produce the original promissory note. The magistrate further found the Secretary had not met its burden to establish its damages on grounds that the Secretary had not produced a payment history for the mortgage loan. Finally, the magistrate found it would be inequitable to permit the Secretary to foreclose on the grounds that Shaffer would not be able to determine the amount necessary to redeem the property.

{¶15} The Secretary objected to the magistrate's decision. The trial court affirmed the magistrate's decision, finding the Secretary had not established its damages with a payment history. The Secretary appealed the trial court's decision to this Court, arguing the trial court erred in denying them a money judgment on its foreclosure complaint. In *Secretary of Veterans Affairs v. Shaffer*, 5th Dist. Richland No. 14 CA 61, 2015-Ohio-2237, this Court found the trial court erred: in holding the Secretary was required to produce evidence concerning the promissory note; in finding the Secretary was required to produce a payment history in order to be entitled to a money judgment; and in concluding it would be inequitable to grant the Secretary a decree of foreclosure. We found that, at trial, the Secretary produced evidence as to the total principal balance due and owing, as well as a breakdown of the principal, interest, and fees for escrow and property inspections. Further, that there is no requirement that a plaintiff provide a

complete "payment history" in order to establish its entitlement to summary judgment in a foreclosure action. *Id.*

{¶16} Thus, this Court sustained the Secretary's assignments of error, reversed the judgment of the Richland County Court of Common Pleas, and remanded the case for further proceedings consistent with our opinion. Shaffer did not appeal this Court's decision to the Ohio Supreme Court.

{¶17} On July 2, 2015, the trial court issued an order on remand, recognizing this Court held it was not necessary for the Secretary to produce a payment history on the loan, but that it was only required to produce the balance due to recover. The trial court found the Secretary did produce evidence at the bench trial that the balance owed was $72,974.08. Shaffer filed an appeal of the trial court's order on remand. This Court dismissed Shaffer's appeal, finding "until a final decree of foreclosure is issued by the trial court, this court is without jurisdiction to consider the merits in this matter." *Secretary of Veterans Affairs v. Shaffer*, 5th Dist. Richland No. 15-CA-65, 2016-Ohio-902.

{¶18} The trial court issued a judgment entry and decree in foreclosure on March 24, 2016, in accordance with this Court's opinion and judgment entry. The trial court stated that, consistent with this Court's opinion and judgment entry, the Secretary is entitled to judgment on its complaint against Shaffer. The trial court found that, as of the August 30, 2013 trial date, the total balance owed was $72,974.08, including $32,110 in principal, $38,880.76 in interest, $1,768.82 in escrow items, and $214.50 for property inspections.

{¶19} Shaffer appeals the March 24, 2016 judgment entry of the Richland County Court of Common Pleas and assigns the following as error:

**{¶20}** "I. THE TRIAL COURT ABUSED ITS DISCRETION IN ENTERING A JUDGMENT AGAINST APPELLANT FOR PURPOSE OF BALANCED OWED.

**{¶21}** "II. INEFFECTIVE ASSISTANCE OF COUNSEL.

**{¶22}** "III. THE COURT ERR[ED] IN [ITS] OPINION TO GRANT FORECLOSURE AND JUDGMENT FOR DAMAGES LACKING EVIDENCE OF PAYMENT HISTORY.

**{¶23}** "IV. THE COURT [ERRED] TO AWARD JUDGMENT LACKING EVIDENCE OF [THE] PROMISSORY NOTE."

I.

**{¶24}** In her first assignment of error, Shaffer contends the trial court erred in entering a decree of foreclosure. Shaffer makes two arguments in this assignment of error. Though appellant categorizes her first assignment of error as having an abuse of discretion standard, we find the substance of appellant's first argument is that the trial court erred by entering the decree of foreclosure because the Secretary did not provide sufficient evidence of its damages. Thus, our standard of review is manifest weight of the evidence. Accordingly, a judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed on appeal. *C.E. Morris v. Foley Constr.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978).

**{¶25}** At trial, Laubscher authenticated business records to indicate the amount of the principal balance on the loan and the amount due and owing. Specifically, Laubscher testified Exhibit 5 was the judgment figure on the loan. Laubscher stated he reviewed the loan filing showing that when Residential booked the loan, the balance of the loan was $32,110. Further, that the total due and owing is $72,974.08, consisting of: $32,110 in principal, $38,880.76 in interest, $1,768.82 in taxes and insurance, and

$214.50 for property inspections. On cross-examination, Laubscher confirmed the figures take into account the payments made, but that there was no payments made. Shaffer's counsel had the opportunity to cross-examine Laubscher regarding his testimony about the total due and owing. Schaffer did not produce any evidence or testimony to contradict Laubscher's testimony or the exhibits introduced by the Secretary as to the amount due and owing. Accordingly, we find the trial court's determination as to the total amount of damages is supported by competent and credible evidence. Further, in *Secretary I*, we found that, at trial, the Secretary produced evidence as to the total principal balance due and owing, as well as a breakdown of the principal, interest, and fees for escrow and property inspections. Thus, we find Shaffer's first argument to be without merit.

{¶26} Second, Shaffer argues the trial court erred in granting the decree of foreclosure when the Secretary did not produce evidence of a payment history at trial. We find this argument is barred by res judicata and the law of the case doctrine.

{¶27} The law of the case "doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 462 N.E.2d 410 (1984). "This is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." *Id.* The doctrine prevents lower courts from "disregard[ing] the mandate of a superior court in a prior appeal in the same case." *Id.* Likewise, it prohibits litigants from "mak[ing] new arguments to the trial court on remand that were raised or could have been raised on the first appeal." *Neiswinter v.*

*Nationwide Mut. Fire Ins.Co.*, 9th Dist. Summit No. 23648, 2008-Ohio-37; *Johnson v. Johnson*, 5th Dist. Stark No. 2016CA00060, 2016-Ohio-7861.

{¶28} Under the doctrine of res judicata, a "valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State ex rel. Denton v. Bedinghaus*, 98 Ohio St.3d 298, 2003-Ohio-861, 784 N.E.2d 99. Thus, a final judgment on the merits of an action precludes the parties from re-litigating issues that were or could have been raised in that action. *Id.*

{¶29} Shaffer's argument as to the requirement of a payment history has already been addressed by this Court in *Secretary I,* in which we found the trial court erred in holding the Secretary was required to produce a payment history in order to be entitled to a money judgment. Thus, we reversed the trial court's decision and remanded the case to the trial court for proceedings consistent with our decision. Shaffer did not appeal this determination to the Ohio Supreme Court. As such, our decision in *Secretary I* is law of the case, and Shaffer's argument as to payment history is barred by res judicata.

{¶30} Appellant's first assignment of error is overruled.

II.

{¶31} In her second assignment of error, appellant argues ineffective assistance of trial counsel in failing to subpoena Richard Shaffer about the payment history and in failing to offer documents until after the closing argument.

{¶32} This Court has recognized that a claim of ineffective assistance of counsel is not a proper ground on which to reverse the judgment of a lower court in a civil case that does not result in incarceration in its application when the attorney was employed by

a civil litigant. *Rafeld v. Sours*, 5th Dist. Ashland No. 14 COA 006, 2014-Ohio-4242; *Phillis v. Phillis*, 164 Ohio App.3d 364, 842 N.E.2d 555 (5th Dist. 2005). In this case, the judgment does not result in incarceration. Thus, a claim of ineffective assistance of counsel is not a proper ground on which to reverse the judgment. While this Court has allowed an exception for ineffective assistance claims in civil permanent custody appeals, this is not the case in this instance. *Id.* Appellant's second assignment of error is overruled.

## III.

{¶33} In her third assignment of error, Shaffer again argues the trial court abused its discretion in issuing a decree of foreclosure when the Secretary did not introduce evidence of a payment history at trial. This argument is identical to the argument Shaffer made in her first assignment of error. As explained in the first assignment of error, Shaffer's third assignment of error is overruled based upon res judicata and the law of the case doctrine.

## IV.

{¶34} In her fourth assignment of error, Shaffer contends the trial court erred in entering a judgment entry and decree of foreclosure when the Secretary failed to introduce the original promissory note at trial. In *Secretary I,* we found the trial court erred in holding the Secretary was required to produce evidence concerning the promissory note in this case because the agreement to pay the debt was contained in the deed. Thus, the note was not relevant to the instant litigation and the Secretary was not required to produce it or provide an explanation as to why it could not produce the note. Shaffer did not appeal this determination to the Ohio Supreme Court. Accordingly, our decision

in *Secretary I* is law of the case, and Shaffer's argument as to the promissory note is barred by res judicata.  Shaffer's fourth assignment of error is overruled.

{¶35}  Based on the foregoing, Shaffer's assignments of error are overruled.  The March 24, 2016 judgment entry of the Richland County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Baldwin, J., concur