[Cite as *Pandey v. Piqua Bd. of Zoning Appeals*, 2023-Ohio-1302.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | | |
|---|---|---|
| NAWAL K. PANDEY | : | |
| | : | |
| Appellant | : | C.A. No. 2022-CA-24 |
| | : | |
| v. | : | Trial Court Case No. 21 CV 00178 |
| | : | |
| CITY OF PIQUA BOARD OF ZONING APPEALS, et al. | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| Appellees | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on April 21, 2023

. . . . . . . . . . .

FRANK J. PATRIZIO, Attorney for Appellee

ANITA A. LAMBERT, Attorney for Appellant

. . . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Nawal K. Pandey appeals from the trial court's order granting summary judgment in favor of the City of Piqua Board of Zoning Appeals, Wayde Davis, and the Piqua City Commission. For the following reasons, the judgment of the trial court is affirmed.

## I.  Factual and Procedural Background

{¶ 2} Pandey was a mortgage holder on real property located at 5580 N. County

Road 25A in Piqua, Ohio, which included a vacant gas station building. In May 2017, the City of Piqua condemned the subject property and sent written notice of a code violation to the owner of record, Premium Petroleum. On March 25, 2021, the City of Piqua issued Pandey and Premium Petroleum an order to raze or repair the property. After the order was unaddressed, on April 29, 2021, the City of Piqua sent Pandey and other interested parties a demolition notice to remove the building from the property. Pandey appealed the demolition notice to the City of Piqua Board of Zoning Appeals (BZA).

{¶ 3} On May 25, 2021, the Piqua BZA held a hearing on Pandey's appeal of the demolition order. Pandey appeared at the hearing and testified that he was aware that the property was condemned and asked questions about the BZA's procedures. The BZA unanimously voted to deny Pandey's appeal and affirmed the demolition order.

{¶ 4} Pandey, through counsel, Edd Wright, filed a complaint for injunctive relief against the Piqua BZA, Wayde Davis, and the Piqua City Commission in the trial court on June 24, 2021, requesting an order to prevent the City of Piqua from demolishing the building. Pandey did not file an administrative appeal from the decision of the Piqua BZA.

{¶ 5} On or around October 4, 2021, Pandey's retained counsel advised him that counsel was closing his law practice and moving to California. Wright asked Pandey to pick up his file and provided no further contact information. Wright was later indicted for theft from a client and probate estate and was subsequently convicted, incarcerated, and permanently disbarred.

{¶ 6} Pandey obtained new counsel, who filed a notice of substitution of counsel on November 24, 2021. Following the filing of cross-motions for summary judgment, the

trial court entered summary judgment in favor of the Piqua BZA, Wayde Davis, and the Piqua City Commission and against Pandey. The trial court found that it lacked subject matter jurisdiction on the matter of Pandey's complaint for injunction, as Pandey's failure to file an administrative appeal of the Piqua BZA's decision was fatal. Pandey now appeals that decision.

## II.    Arguments and Analysis

{¶ 7} Pandey's sole assignment of error states as follows:

TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL PURSUANT TO *STRICKLAND V. WASHINGTON* 466 U.S. 668 686, 104 S. CT. 2052 (1984) AND *STATE V. BRADLEY* 42 OHIO ST.3D 136, 538 N.E.2D 373 (1989) BY FAILING TO SEEK AN ADMINISTRATIVE APPEAL AND INSTEAD FILING FOR A CIVIL INJUNCTION.

{¶ 8} In essence, Pandey asserts that the right to effective assistance of counsel applies in a civil action related to an administrative determination, and thus the summary judgment granted by the trial court must be reversed. Pandey argues that he was entitled to Sixth Amendment protection against ineffective assistance of counsel in an action defending himself against the police power of a local municipality. Specifically, Pandey asserts that courts have found that the standard for ineffective assistance of counsel applies outside the realm of criminal cases and has been applied in cases where the State of Ohio is seeking to involuntarily sever the rights of parents from their children.

{¶ 9} Pursuant to Civ.R. 56(C), a movant is entitled to summary judgment when the party demonstrates that (1) there is no issue as to any material fact; (2) the moving

party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the non-moving party. *Rhododendron Holdings, LLC v. Harris*, 2021-Ohio-147, 166 N.E.3d 725, ¶ 22 (2d Dist.).

{¶ 10} "The burden of demonstrating that no genuine issues exist as to any material fact falls upon the moving party requesting a summary judgment." *Harless v. Willis Day Warehousing Co., Inc.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). Once the moving party has satisfied its burden of showing that there is no genuine issue of material fact, the burden shifts to the nonmoving party to set forth specific facts showing a genuine issue for trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). The nonmoving party cannot rely upon the mere allegations or denials in the pleadings but must give specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); *Accord Geloff v. R.C. Hemm's Glass Shops, Inc.*, 2021-Ohio-394, 167 N.E.3d 1095, ¶ 14 (2d Dist.). When the standard is met, summary judgment must be awarded as a matter of law.

{¶ 11} We consider an appeal from summary judgment under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241(1996); *Schroeder v. Henness*, 2d Dist. Miami No. 2012-CA-18, 2013-Ohio-2767, ¶ 42. Unlike an abuse of discretion standard, a de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993). Thus, we apply the same standard as the trial court, viewing the facts of the case in a light most favorable to the non-moving party. Civ.R. 56(C); *Norris v. Ohio Std. Oil Co.*, 70 Ohio St.2d

1, 2, 433 N.E.2d 615 (1982).

{¶ 12} The right to appeal from an administrative decision is not an inherent right, but instead is one conferred by statute. *Harrison v. Ohio State Med. Bd.*, 103 Ohio App.3d 317, 321, 659 N.E.2d 368 (10th Dist.1995). In general, every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located, as provided in Chapter 2505 of the Revised Code. R.C. 2506.01(A). To be appealable under R.C. 2506.01, the administrative decision must be rendered in a quasi-judicial proceeding, which includes requirements of notice, a hearing, and an opportunity to introduce evidence. *Lakota Local Sch. Dist. Bd. of Edn. v. Brickner*, 108 Ohio App.3d 637, 671 N.E.2d 578 (6th Dist.1996). Where a statute confers a right to appeal, strict adherence to the statutory conditions is essential. *Holmes v. Union Gospel Press*, 64 Ohio St.2d 187, 188, 414 N.E.2d 415 (1980).

{¶ 13} "The exhaustion of administrative remedies doctrine is a well-established principle of Ohio law." *Duffield v. City of Barberton*, 9th Dist. Summit No. 22342, 2005-Ohio-1817, ¶ 12, citing *Noernberg v. Brook Park*, 63 Ohio St.2d 26, 29, 406 N.E.2d 1095 (1980), citing *State ex rel. Lieux v. Westlake*, 154 Ohio St. 412, 415-16, 96 N.E.2d 414 (1951). "The doctrine requires that a party exhaust available administrative remedies prior to seeking court action in an administrative matter." *Id.*, citing *Noernberg* at 29-30.

{¶ 14} To prevail on an ineffective assistance of counsel claim under the Sixth Amendment to the U.S. Constitution, a party must prove that his attorney was ineffective

under the standard test from *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, a party must show that (1) counsel's performance "fell below an objective standard of reasonableness," as determined by "prevailing professional norms," and (2) there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* at 694. When performing a *Strickland* analysis, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

{¶ 15} The doctrine of ineffective assistance of counsel has not been extended beyond criminal and permanent custody proceedings. Because "the permanent termination of parental rights has been described as 'the family law equivalent of the death penalty,'" parents are entitled to the effective assistance of counsel in permanent custody actions. *In re S.A.*, 2d Dist. Clark No. 2007-CA-110, 2008-Ohio-2225, quoting *In re Hayes*, 79 Ohio St.3d 46, 48, 679 N.E.2d 680 (1997)). "There is no constitutional or statutory right to the effective assistance of counsel in a civil case." *Marshall v. Scalf*, 8th Dist. Cuyahoga No. 88708, 2007-Ohio-3667, ¶ 26, citing *Friedman v. Arizona* , 912 F.2d 328, 333 (9th Cir.1990) and *Glick v. Henderson*, 855 F.2d 536, 541 (8th Cir.1988). *See also In re A.T.,* 2d. Dist. Montgomery Nos. 28332 & 28355, 2019-Ohio-3527, ¶ 68 ("The constitutional right to the effective assistance of counsel generally does not attach in civil actions"), citing *D.O.I.T., L.L.C. v. Bd. of Wright Dunbar Technology Academy*, 2d Dist. Montgomery No. 23250, 2011-Ohio-4538, ¶ 5, citing *Wolford v. Wolford*, 184 Ohio App.3d 363, 2009-Ohio-5459, 920 N.E.2d 1052, ¶ 32 (4th Dist.) ("'A complaint of

ineffective assistance of counsel is not a proper ground on which to reverse the judgment of a lower court in a civil case that does not result in incarceration * * *. ' "); *Phillis v. Phillis*, 164 Ohio App.3d 364, 2005-Ohio-6200, 842 N.E.2d 555, ¶ 53 (5th Dist.); *Novello v. Novello*, 7th Dist. Noble No. 10 NO 378, 2011-Ohio-2973, ¶ 23 ("The Sixth Amendment guarantees a defendant effective counsel in criminal prosecutions. There is no such guarantee in civil actions."). Accordingly, a litigant in a civil proceeding may not attack an adverse judgment on the grounds of ineffective assistance of trial counsel. Thus, "[a] complaint of ineffective assistance of counsel is not a proper ground on which to reverse the judgment of a lower court in a civil case that does not result in incarceration * * * when the attorney was employed by a civil litigant." (Citation omitted.) *D.O.I.T.* at ¶ 5, quoting *Wolford* at ¶ 32.

{¶ 16}  In support of his argument, Pandey cites *State ex rel. Heller v. Miller*, 61 Ohio St.2d, 399 N.E.2d 66 (1980) and *In re J.D.*, 2d Dist. Montgomery No. 26588, 2015-Ohio-4114, ¶ 80, apparently arguing that the right to effective assistance of counsel applies in all cases where the state seeks to infringe on a protected liberty or property interest. However, *Heller* and *In re J.D.* do not support Pandey's proposition but, rather, require that the State provide counsel for indigent parents at parental termination proceedings.   *Heller* at 68-69; *In re J.D.* at ¶ 79. We will not expand the Sixth Amendment right to effective assistance of counsel to matters where the state seeks to infringe on a property interest, as advocated by Pandey.

{¶ 17} The Piqua BZA conducted a hearing and issued its final order confirming demolition of the subject property on May 25, 2021. Pandey was present at the hearing

and had notice of the BZA's decision. Pandey had the right to appeal the BZA's decision pursuant to R.C. 2506.01, but he did not file an administrative appeal as required before filing his complaint for injunction. Pandey failed to exercise the statutory appeal remedy available to him before filing his complaint for injunction and, thus, the trial court lacked jurisdiction over Pandey's complaint. Pandey's failure to perfect an administrative appeal precluded the injunctive relief that he sought.

{¶ 18} Pandey presented no evidence that he followed the process for appealing an administrative decision pursuant to R.C. Chapters 2505 and 2506. We conclude that the Piqua BZA, Wayde Davis, and the Piqua City Commission met their burden by establishing that there were no genuine issues of material fact, thus entitling them to summary judgment. As Pandey did not exhaust his administrative options before filing his complaint for injunction, we conclude that summary judgment in favor of the Piqua BZA, Wayde Davis, and the Piqua City Commission was correct.

{¶ 19} Pandey's sole assignment of error is overruled.

### III. Conclusion

{¶ 20} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and EPLEY, J., concur.